**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**vs.** **CR 06-18T**

**LOUIS SILVA**

**DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE**

Now comes the defendant, by and through counsel, and moves for a downward departure from the defendant's guideline sentencing range, for the reasons set forth in the accompanying memorandum.

_/s/_____________________
Thomas G. Briody
R.I. Bar no. #4427
72 Pine Street
Providence, RI 02903
(401) 751-5151
(401) 331-7454 (facsimile)

The undersigned certifies that a true copy of this motion was filed electronically in accordance with local rules on this day of October, 2006.

_/s/__________________
Thomas G. Briody

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**vs.** **CR 06-18T**

**LOUIS SILVA**

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE**

Louis Silva awaits sentencing following his guilty plea to a single count of conspiracy to commit perjury. His crime resulted from an attempt by Mr. Silva's brother in law, Douglas Cox, to deceive the bankruptcy court about Cox's ownership of several vending machines. Mr. Silva swore under oath before a bankruptcy judge that he (Silva) owned the machines. Cox's attorney also produced bills of sale bearing Mr. Silva's signature that later were determined to be fraudulent.

For the reasons set forth in this memorandum, Mr. Silva should a downward departure from the guideline sentencing range. While the United States may rightfully seek to punish perjury and deter conduct that undermines the integrity of the judicial process, this court may address those concerns without incarcerating a particularly vulnerable defendant.

**DIMINISHED CAPACITY**

As noted in the presentence report, Mr. Silva has a disability.[1] The disability is significant enough that he should receive a departure under U.S.S.G. § 5K2.13. Under that section a departure is warranted for defendants who suffer from a significantly reduced mental capacity which contributed substantially to the commission of an offense. The court may not depart where the reduced mental capacity was (1) caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; or (3) the defendant's criminal history reflects a need to incarcerate the defendant to protect the public or (4) the defendant has been convicted of a sex-related offense under Chapters 71, 109A, 110 or 117 of title 12, United States Code.

Mr. Silva is not disqualified from a departure under any of the enumerated exceptions. In the opinion of the neuropsychologist Paul Malloy, his diminished mental capacity makes him vulnerable to manipulation in social situations, and limits his ability to judge and respond to long term consequences. There is no evidence that Mr. Silva had any independent motive to lie to the bankruptcy court. He made no profit from his conduct. He appears to have been substantially if not completely under the influence of his brother in law, who apparently procured Mr. Silva's assistance.

This court should note that section 5K2.13 does not require that the reduced mental capacity be a "but for" cause of the offense. It is sufficient that the reduced mental capacity contribute to some extent to the commission of the crime. United States

---

[1] While the defendant does not raise any issue of competency, Mr. Silva's disability was clearly on display at the time of his change of plea, when he struggled to understand the court's questions and instructions.

v. Lauzon, 918 F.2d 326, 331 (1st Cir. 1991). Mr. Silva's vulnerability to manipulation is clearly a major factor in this offense.

## ABERRANT BEHAVIOR

Under U.S.S.G. § 5K2.20, (Aberrant behavior) the court may depart downward where an offense is committed without significant planning, is of limited duration, and is a marked deviation from an otherwise law-abiding life. Departures for aberrant behavior have been recognized as an encouraged ground for departure long before the sentencing guidelines became advisory. See United States v. Grandmaison, 77 F.3d 555, 560-61 (1st Cir. 1996). Before the guidelines were advisory, the First Circuit held that an aberrant behavior departure is appropriate where the criminal conduct is isolated and unlikely to recur. United States v. Bradstreet, 135 F.3d 46, 56-58 (1st Cir. 1998).

Here, the conduct was isolated. Mr. Silva has spent his adult life working in and around East Providence. His criminal history is unblemished. Were it not for the influence of Mr. Cox, it is unlikely that he ever would have committed the acts that bring him before this court. The act itself—lying to the bankruptcy judge and signing half a dozen bills of sale—was obviously of a short duration.

The government may suggest that this offense took "significant planning." The defendant disagrees. The First Circuit has observed that all crimes take some measure of planning. In that context, the circuit reversed a sentence adjustment for "more than minimal planning," where a defendant and several confederates deposited forged bank checks and then withdrew money when the checks cleared. See United States v. Phath,

144 F.3d 146 (1st Cir. 1998) (citing cases from other circuits). It is worth noting that the defendant in Phath, unlike Mr. Silva, had no significant intellectual disability. False testimony and a series of signatures on sales slips certainly requires no more planning than the defendant in Phath. Given that the First Circuit has concluded that Mr. Phath's conduct was not more than "minimal" in planning, it is difficult to see how Mr. Silva's conduct could be "significantly" planned.

**COMBINED CHARACTERISTICS**

Even if this court were to hold that Mr. Silva is entitled neither to a diminished capacity nor an aberrant behavior departure, the combination of characteristics should nevertheless qualify him for a reduced guideline range. U.S.S.G. § 5K2.0 (c) permits departures from the applicable guideline sentencing range based on a combination of two or more offender characteristics, none of which is independently sufficient to provide a basis of departure where the characteristics, taken together, make an exceptional one. This is an exceptional case. Mr. Silva is simply not an appropriate candidate for incarceration. His handicap makes him susceptible to abuse by more sophisticated and predatory inmates. He deserves some measure of compassion, despite the gravity of the offense.

## CONCLUSION

For all the reasons set forth herein, the motion should be granted. At a minimum, this court should depart to Zone B, and consider the imposition of a sentence calling for probation and a period of home confinement. This court would be equally justified in imposing a sentence of probation with a period of community service as a substitute for community confinement.

By his attorney,

_/s/ Thomas G. Briody_
R.I. Bar no. 4427
72 Pine Street
Providence, RI 02903
(401) 751-5151
(401) 331-7454 (facsimile)
Tbriodylaw@aol.com

CERTIFICATION

The undersigned certifies that on this 23rd of October, 2006, a true copy of this memorandum was filed electronically with the Rhode Island District Court, where it may be viewed and downloaded via the ECF system.

/s/_________________
Thomas G. Briody