IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. 06-018T |
| | : | |
| LOUIS SILVA | : | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE**

Comes now, the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and James H. Leavey, Assistant United States Attorney, and hereby objects to Defendant's Motion for Downward Departure for reasons stated in the accompanying Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar #1700
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email james.leavey@usdoj.gov

## CERTIFICATION OF SERVICE

On this 25th day of October, 2006, I caused the Government's Objection to Defendant's Motion For Downward Departure, along with its accompanying Memorandum, to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Thomas Briody, Esquire
72 Pine Street, 1st FL
Providence, RI 02903

Notification by first class mail, postage prepaid:

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar #1700
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email james.leavey@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR. 06-018T
:
LOUIS SILVA :

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE**

Introduction

Defendant Louis Silva (Silva or defendant) has moved for a downward departure from the Sentencing Guideline range. Silva argues that a combination of unique circumstances involving a diminished capacity and aberrant behavior entitles him to a sentence below the 10 to 16 month range found by the United States Probation Department. The government disagrees.

Law

In light of United States v. Booker,125 S.Ct 738 (2005), the guidelines are no longer mandatory in terms of their application by District Courts. However, Booker dictates that District Courts must consult the guidelines and must take them into account when sentencing. Compliance with Booker necessitates that guidelines calculations be prepared by the United States Probation Officer. It also necessitates that the Court perform an analysis, in the appropriate case, as to whether a downward, or upward, departure is warranted. As was the case previous to the Booker decision, District Courts must also consider those factors set forth in 18 U.S.C. § 3553(a), including: the

applicable guidelines range; the nature, seriousness and circumstances of the offense; the history and characteristics of the defendant; protection of the public; deterrence to criminal conduct; the need to promote respect for law and provide for just punishment; the needs of the defendant for educational training, vocational training, medical care and other correctional treatment; the need to avoid unwarranted disparities among similarly situated defendants; and restitution concerns.

In terms of a guidelines analysis, pre-Booker case law still applies. Whether the guidelines are mandatory or advisory, such case law interprets and explains the guidelines. Each guideline applies to a heartland of typical cases. United States v. Carrion-Cruz, 92 F.3d 5, 6 (1st Cir. 1996). A District Court has discretion to depart from the guideline range if the Court finds that there exists an "aggravating or mitigating circumstance of a kind, to a degree, not adequately taken into consideration" by the Sentencing Commission in formulating the guidelines. 18 U.S.C. § 3553(b). However, not every mitigating or aggravating circumstance warrants a departure. United States v. Bogdan, 284 F.3d 324, 327 (1st Cir. 2002); United States v. Vasquez, 279 F.3d 77, 80 (1st Cir. 2002), and the guidelines "place essentially no limit on the number of potential factors that may warrant a departure." Burns v. United States, 501 U.S. 129, 136-137, 111 S.Ct. 2182, 2186 (1991).

The guidelines list several factors which are forbidden and cannot be used as grounds upon which to base a guidelines departure. Other factors are described as "encouraged" or "discouraged." If an encouraged factor is present, the Court may base a guidelines departure decision on that factor if the applicable guideline has not already taken it into consideration. If a discouraged factor is present, or the encouraged factor has already been taken into account by the guideline, the Court may depart under the guidelines only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. If the particular factor is not mentioned in the guidelines, the Court must decide whether the factor is sufficient to take the case out of the heartland. A departure based on an unmentioned factor will be "highly infrequent." Koon v. United States, 518 U.S. 81, 96, 116 S.Ct. 2035, 2045 (1996); United States v. Dethlefs, 123 F.3d 39 (1st Cir. 1997).

Diminished Capacity

Under USSG § 5K2.13, a downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. (Emphasis added.) The government

believes that there is insufficient evidence to find that the latter requirement has been met.

Defendant relies on the report of Doctor Malloy. While Doctor Malloy has determined that defendant has a borderline IQ and is vulnerable to manipulation, there is nothing to suggest that this disability "contributed substantially to the commission of the offense." He has no impulsive tendencies (Malloy, p.2); his thoughts are well organized; and he is not delusional (Malloy, p.3). There is no evidence he was, in fact manipulated, and the opinion that he has limited ability to judge the long term consequences of his actions, seems to the government, to be irrelevant.

Furthermore, according to the commentary, "significantly reduced mental capacity" means that the defendant has significantly impaired ability to understand the wrongfulness of his behavior or to exercise the power of reason or control behavior that defendant knows is wrongful. The government fails to see how Doctor Malloy's report supports that criteria and defendant's motion on this ground should be denied.

Aberrant Behavior

In United States v. Grandmaison, 77 F.3d 555 (1st Cir. 1996), the Court of Appeals for the First Circuit adopted the "totality of the circumstances" test in determining aberrant behavior.

District court judges may consider, inter alia, factors such as pecuniary gain to the defendant, charitable activities, prior good deeds, and efforts to mitigate the effects of the crime in deciding whether a defendant's conduct is aberrant in terms of other crimes....Spontaneity and thoughtlessness may also be among the factors considered, though they are not prerequisites for departure...The Court read the Guidelines' reference to 'single acts of aberrant behavior' to include multiple acts leading up the commission of a crime. Grandmaison, 77 F.3d at 563.

This would appear to be a better ground for a downward departure than diminished capacity. The government has no information regarding additional criminal activity conducted by this defendant. However, as the Guideline clearly indicates, the decision is discretionary and should be applied only in exceptional cases. USSG § 5K2.20. The government does not believe this is an exceptional case but rather a typical case of a first offender. Defendant conspired to commit perjury and did, in fact, do so. The government does not believe this Court should exercise its discretion and depart downward.

Combination of Factors

The government has argued that neither of the alleged grounds put forth by the defendant warrants a departure. Even if this Court considers the grounds *in toto*, departure is not warranted since the case is not "exceptional" nor is each

characteristic "present to a substantial degree."
USSG § 5K2.0(c)(1) and (2).

Summary

The government believes, based on the above, that defendant's motion for a downward departure should be denied. The government will, however, recommend that defendant be sentenced to five months imprisonment with the remaining five months to be served in home confinement. USSG § 5C1.1(d)

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar #1700
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email james.leavey@usdoj.gov

# CERTIFICATION OF SERVICE

On this 25th day of October, 2006, I caused the Government's Objection to Defendant's Motion For Downward Departure, along with its accompanying Memorandum, to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Thomas Briody, Esquire
72 Pine Street, 1st FL
Providence, RI 02903

Notification by first class mail, postage prepaid:

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar #1700
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email james.leavey@usdoj.gov